FILED

1  GLENN ROTHNER (CSB No. 67353)
   JONATHAN COHEN (CSB NO. 237965)
2  ROTHNER, SEGALL & GREENSTONE
   510 South Marengo Avenue
3  Pasadena, California 91101
   Telephone:  (626) 796-7555
4  Facsimile:  (626) 577-0124
   email:  grothner@rsglabor.com
5
6  REBECCA YEE (CSB No. 217402)
   NAJEEB KHOURY (CSB No. 224778)
7  SERVICE EMPLOYEES INT'L UNION, LOCAL 721
   1545 Wilshire Boulevard
8  Los Angeles, CA 90017
   Telephone:  (213) 368-8660
9  Facsimile:  (213) 380-3996
   email:  Rebecca.Yee@SEIU721.org

2013 FEB -1 PM 4: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

10  Attorneys for Plaintiff Richard Taylor

11

12            UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

CV13-00737-MRP (OPx)

14  RICHARD TAYLOR,                CASE NO.

15          Plaintiff,            COMPLAINT (DEPRIVATION OF
                                  RIGHTS UNDER COLOR OF STATE
16      v.                        LAW and WRIT OF MANDATE)

17  COUNTY OF LOS ANGELES, a      [42 U.S.C. § 1983, Cal. Code Civ. Proc.
    municipality; GLORIA MOLINA, in her  § 1094.5]
18  individual and official capacity; MARK
    RIDLEY-THOMAS, in his individual and  and
19  official capacity; ZEV YAROSLAVSKY,
    in his individual and official capacity;  DEMAND FOR JURY TRIAL
20  DON KNABE, in his individual and
    official capacity; MICHAEL
21  ANTONOVICH, in his individual and
    official capacity; LOS ANGELES
22  COUNTY CIVIL SERVICE
    COMMISSION; LYNN ADKINS, in her
23  individual and official capacity; VANGE
    FELTON, in her individual and official
24  capacity; CAROL FOX, in her individual
    and official capacity; Z. GREG
25  KAHWAJIAN, in his individual and
    official capacity; EVELYN MARTINEZ,
26  in her individual and official capacity;
    and DOES 1-10,
27
            Defendants.
28

1

[Introduction]

1.      This is a civil rights action.  County of Los Angeles ("County") employee Richard Taylor ("Taylor") was suspended from employment without pay between March 8, 2010, and April 20, 2011.  At no time before or after his suspension did the County afford Taylor a meaningful opportunity to contest his suspension and to recoup the wages and benefits he lost as a result of the suspension. As a result, Taylor was denied procedural due process in violation of the Fourteenth Amendment to the United States Constitution.

[Jurisdiction and Venue]

2.      This action arises under the United States Constitution, particularly under the Fourteenth Amendment to the United States Constitution, and under federal law, particularly the Civil Rights Act of 1871, 42 U.S.C. § 1983.

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and has jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367.  Venue is proper because it is within this district that plaintiff and defendants reside and where the relevant acts occurred.

[Parties]

4.      Plaintiff Richard Taylor ("Taylor") is and at all relevant times was a citizen of the United States and a resident of the City and County of Los Angeles, California.  At all times relevant herein, Taylor was a permanent employee of defendant County of Los Angeles.

/ / /

5.      Defendant County of Los Angeles ("County") is and at all relevant times was a political subdivision of the State of California.  The County of Los Angeles is Taylor's employer and is responsible for providing him with a full and fair post-deprivation hearing following the imposition of disciplinary action.

6.      At all times herein mentioned defendant Gloria Molina was and is the duly elected Supervisor for the 1st Supervisorial District within the County of Los Angeles.  She is sued in both her official and individual capacities.  In her capacity as a County Supervisor, defendant Molina has the duty and responsibility of appointing one member of the 5 member Civil Service Commission.  At all times alleged herein defendant Molina was acting as the agent of the County of Los Angeles and Los Angeles County Civil Service Commission.  For purposes of this action, defendant Molina is a policy-making official of the County concerning the customs and policies at issue herein.

7.      At all times herein mentioned defendant Mark Ridley-Thomas was and is the duly elected Supervisor for the 2nd Supervisorial District within the County of Los Angeles.  He is sued in both his official and individual capacities.  In his capacity as a County Supervisor, defendant Ridley-Thomas has the duty and responsibility of appointing one member of the 5 member Civil Service Commission. At all times alleged herein defendant Ridley-Thomas was acting as the agent of the County of Los Angeles and Los Angeles County Civil Service Commission.  For purposes of this action, defendant Ridley-Thomas is a policy-making official of the County concerning the customs and policies at issue herein.

8.      At all times herein mentioned defendant Zev Yaroslavsky was and is the duly elected Supervisor for the 3rd Supervisorial District within the County of Los Angeles.  He is sued in both his official and individual capacities.  In his

capacity as a County Supervisor, defendant Yaroslavsky has the duty and responsibility of appointing one member of the 5 member Civil Service Commission. At all times alleged herein defendant Yaroslavsky was acting as the agent of the County of Los Angeles and Los Angeles County Civil Service Commission.  For purposes of this action, defendant Yaroslavsky is a policy-making official of the County concerning the customs and policies at issue herein.

9.    At all times herein mentioned defendant Don Knabe was and is the duly elected Supervisor for the 4th Supervisorial District within the County of Los Angeles.  He is sued in both his official and individual capacities.  In his capacity as a County Supervisor, defendant Knabe has the duty and responsibility of appointing one member of the 5 member Civil Service Commission.  At all times alleged herein defendant Knabe was acting as the agent of the County of Los Angeles and Los Angeles County Civil Service Commission.  For purposes of this action, defendant Knabe is a policy-making official of the County concerning the customs and policies at issue herein.

10.    At all times herein mentioned defendant Michael D. Antonovich was and is the duly elected Supervisor for the 5th Supervisorial District within the County of Los Angeles.  He is sued in both his official and individual capacities.  In his capacity as a County Supervisor, defendant Antonovich has the duty and responsibility of appointing one member of the 5 member Civil Service Commission. At all times alleged herein defendant Antonovich was acting as the agent of the County of Los Angeles and Los Angeles County Civil Service Commission.  For purposes of this action, defendant Antonovich is a policy-making official of the County concerning the customs and policies at issue herein.

/ / /

/ / /

4

11.     At all times mentioned herein defendant Los Angeles County Civil Service Commission ("Commission") was a civil service agency established pursuant to the Charter of the County of Los Angeles for the purposes of administering the County's civil service system and adjudicating disciplinary appeals between the County of Los Angeles and its employees.  The Commission has quasi-judicial responsibility in its determinations with respect to adjudicating disciplinary appeals, which are final, subject to review pursuant to California Code of Civil Procedure § 1094.5.  The Commission is the only body within the County of Los Angeles with jurisdiction to hear and decide appeals by permanent County employees from disciplinary actions, including suspensions of more than 6 days.

12.     At all times herein mentioned defendant Lynn Adkins was Commissioner appointed to the Los Angeles County Civil Service Commission.  She is sued in both her official and individual capacities.  At all times herein mentioned Adkins was acting as the agent of the County and Commission.  For the purposes of this action, Adkins is a policy-making official of the County concerning the customs and policies at issue herein.

13.     At all times herein mentioned defendant Vange Felton was a Commissioner appointed to the Los Angeles County Civil Service Commission.  She is sued in both her official and individual capacities.  At all times herein mentioned Felton was acting as the agent of the County and Commission.  For the purposes of this action, Felton is a policy-making official of the County concerning the customs and policies at issue herein.

14.     At all times herein mentioned defendant Carol Fox was a Commissioner appointed to the Los Angeles County Civil Service Commission.  She is sued in both her official and individual capacities.  At all times herein mentioned Fox was acting

1    as the agent of the County and Commission.  For the purposes of this action, Fox is a

2    policy-making official of the County concerning the customs and policies at issue

3    herein.

4

5         15.    Defendant Z. Greg Kahwajian is and all relevant times was a

6    Commissioner appointed to the Los Angeles County Civil Service Commission.  He

7    is sued in both his official and individual capacities.  At all times herein mentioned

8    Kahwajian was acting as the agent of the County and Commission.  For the purposes

9    of this action, Kahwajian is a policy-making official of the County concerning the

10   customs and policies at issue herein.

11

12        16.    Defendant Evelyn Martinez is and all relevant times was a

13   Commissioner appointed to the Los Angeles County Civil Service Commission. She

14   is sued in both her official and individual capacities.  At all times herein mentioned,

15   Martinez was acting as the agent of the County and Commission.  For the purposes

16   of this action, Martinez is a policy-making official of the County concerning the

17   customs and policies at issue herein.

18

19        17.    All the acts and omissions alleged herein were done, performed or

20   ratified by each of the defendants in compliance with or reliance upon the customs,

21   policies, ordinances, regulations or officially adopted decisions of the policy making

22   officials of defendants County of Los Angeles and Los Angeles County Civil Service

23   Commission.

24

25        18.    Taylor is ignorant of the true names and capacities of defendants sued

26   herein as DOES 1 through 10, inclusive, and therefore sue these parties by such

27   fictitious names.  When the true identities of such defendants are ascertained, Taylor

28   will seek leave of Court to insert such names.

19.     Taylor is informed and believes, and on that basis alleges, that at all relevant times each of the defendants was the agent and/or employee of the remaining defendants and was acting within the course and scope of such agency and/or employment.  To the extent that the conduct and omissions alleged in this complaint were perpetrated by one or more of the defendants, the remaining defendants confirmed and ratified said conduct and omissions.

## FIRST CLAIM FOR RELIEF

[Denial of Right to Due Process under

Fourteenth Amendment – Against all Defendants]

20.     The County hired Taylor as an Intermediate Clerk in the Department of Health Services in 2006.  Between February 2007 and January 2010, the County's annual performance evaluations of Taylor rated him between "competent" and "very good."

21.     On or about February 4, 2010, a Felony Complaint for Arrest Warrant was filed against Taylor in Los Angeles County Superior Court.

22.     On or about March 8, 2010, the County provided Taylor a Letter of Suspension Pending Court Adjudication, and was escorted from his work location by his supervisor.  On or about April 7, 2010, the County provided Taylor a Final Notice of Suspension, citing County Civil Service Rule 18.01 A.

23.     County Civil Service Rule 18.01 A provides in full as follows:

Subject to such appeal right as provided in this Rule, an employee may be suspended by the appointing power for up to and including 30 days, pending investigation, filing of charges and hearing on discharge or

reduction, or as a disciplinary measure. Where the charge upon which a suspension is the subject of criminal complaint or indictment filed against such employee, the period of suspension may exceed 30 calendar days and continue until, but not after, the expiration of 30 calendar days after the judgment of conviction or the acquittal of the offense charged in the complaint or indictment has become final. The reason(s) for such suspension shall be forthwith furnished in writing to the employee and a copy sent to the director of personnel.

24.     Between March 2010 and April 2011, the County placed Taylor on an unpaid suspension.

25.     In or about April 2011, the felony charges against Taylor were dismissed. At no point was Taylor convicted of any wrongdoing in connection with the felony charges against him.

26.     Taylor timely appealed his unpaid suspension pursuant to the rules established by the Los Angeles County Civil Service Commission ("Commission"). A hearing was held before a Commission Hearing Officer on March 15, 2012. The Commission determined that the sole issue to be resolved at the hearing was whether there was "sufficient nexus between the criminal charges filed against [Taylor] and the duties of [Taylor's] position to support imposition of the non-disciplinary suspension of [Taylor] as set forth by the Department [of Health Services] in its letter dated March 8, 2010[.]"

27.     Following the hearing, the Commission Hearing Officer issued his Findings of Fact, Conclusions and Recommended Decision ("Recommended Decision"). In his Recommended Decision, the Commission Hearing Officer found there was a nexus between the criminal charges against Taylor and his duties as Intermediate Clerk to warrant imposition of a suspension. He further took notice "of the long standing practice not to award back pay upon dismissal of charges or even

acquittal," found that Taylor was "not convicted" and "committed no acts that could be construed as criminal conduct, or even conduct morally or ethically objectionable in any way," and that "[t]he only reason [Taylor] was suspended, and for an extremely long time, was the meritless criminal case arising outside of his employment of which [Taylor] knew nothing until contacted by police investigators." Finally, although he did not award any back pay, the Commission Hearing Officer "suggested that the Commission consider whether an award of back pay should be granted in this case."

28.   At its November 7, 2012 meeting, the Commission approved the Recommended Decision of the Commission Hearing Officer and overruled Taylor's objections.  The Commission did not award Taylor back pay for the period of time he was suspended.  At no time since the November 7, 2012 meeting has Taylor been reimbursed by the County for the lost wages and benefits he suffered as a result of his unpaid suspension.

29.   At no point after Taylor's unpaid suspension did any of the defendants afford him a meaningful opportunity to recover the back pay stemming from his unpaid suspension, other than allowing him an opportunity to challenge the existence of a nexus between the criminal charges against him and the duties of his position. As a result, Taylor was denied a full and fair hearing during which he could contest the County's unpaid suspension of him.

30.   Defendants' conduct was pursuant to County custom and policy, whereby employees like Taylor are deprived of any opportunity to recover the back pay stemming from an unpaid suspension such as his, other than allowing the employee an opportunity to challenge the existence of a nexus between the criminal charges and the duties of his or her position.  Pursuant to this custom and policy, as

long as defendants are satisfied that there is a nexus between a criminal charge and an individual's job duties, the employee's unpaid suspension is sustained even absent proof that the employee has engaged in any misconduct.  As a result, the employee is denied any meaningful opportunity to recover the wrongfully deprived property interest.

31.  By reason of the conduct of the defendants, Taylor has been deprived of rights secured to him by the Fourteenth Amendment to the Constitution of the United States in that suspending Taylor's employment without pay without providing him proper post-termination hearings deprived him of property without due process of law.

32.  As a direct consequence and proximate result of defendants' actions against Taylor, as alleged above, Taylor has been harmed in that he lost wages and other employment benefits and has suffered anxiety and severe emotional distress, in amounts to be established according to proof.

33.  The acts, conduct and behavior of the individual defendants were performed knowingly, intentionally, and maliciously, by reason of which Taylor is entitled to an award of punitive damages.

SECOND CLAIM FOR RELIEF

[Petition for Writ of Mandate, Cal. Code Civ. Proc. § 1094.5

– Against Defendant Los Angeles County Civil Service Commission]

34.  Plaintiff realleges and incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 33, inclusive.

35.     At all times herein mentioned, Taylor was a beneficially interested party.  He has exhausted all administrative remedies available to him, and has no plain, speedy, or adequate remedy, in the ordinary course of the law other than the relief sought by this petition.

36.     At all times herein mentioned, defendant Commission prejudicially abused its discretion in dismissing the appeal of Taylor in that the Commission's decision is not supported by the findings, and the findings are not supported by the evidence.  Additionally, defendant Commission failed to proceed in a manner required by law in that it refused to provide Taylor a meaningful opportunity to contest his unpaid suspension as required by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Taylor prays for relief as follows:

[Against All Defendants]

1.     For compensatory damages for loss of earnings and other employment benefits, according to proof;

2.     For compensatory damages for mental and emotional suffering, humiliation, anguish and distress according to proof;

3.     For punitive damages according to proof.

4.     For interest on the amount of losses incurred in compensation and other employment benefits at the prevailing legal rate;

/ / /

5.    For a declaration that the defendants' policy and practice at issue herein violates the Fourteenth Amendment to the United States Constitution in that the policy and practice fails to afford individuals with Constitutionally required procedural due process;

6.    For injunctive relief ordering defendant Commission to provide Taylor and all similarly situated permanent County employees with a post deprivation hearing meeting the requirements of the Fourteenth Amendment to the United States Constitution;

7.    For reasonable attorneys' fees and costs incurred in this action; and

8.    For such other and further relief as the Court deems proper.

[Against Defendant Los Angeles County Civil Service Commission]

9.    For issuance of a writ of mandate pursuant to California Code of Civil Procedure § 1094.5 directing defendant Los Angeles County Civil Service Commission to set aside and vacate its decision denying Taylor any back pay for the period of his unpaid suspension, and to direct the Commission to order the

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | restoration of all back pay, benefits and other emoluments of employment resulting

2 | from Taylor's unlawful suspension without pay.

3 |

4 | Dated:  February 1, 2013  GLENN ROTHNER
              JONATHAN COHEN
5 |           ROTHNER, SEGALL & GREENSTONE

6 |           REBECCA YEE
              NAJEEB KHOURY
7 |           SERVICE EMPLOYEES INT'L UNION, LOCAL 721

8 |

9 | By_____
            JONATHAN COHEN
10 |        Attorneys for Plaintiff Richard Taylor

11 |

12 |

13 | **DEMAND FOR JURY TRIAL**

14 |

15 |     Plaintiff Richard Taylor hereby demands a jury trial on the claims set forth in

16 | the above complaint.

17 |

18 | Dated: February 1, 2013  GLENN ROTHNER
              JONATHAN COHEN
19 |           ROTHNER, SEGALL & GREENSTONE

20 |           REBECCA YEE
              NAJEEB KHOURY
21 |           SERVICE EMPLOYEES INT'L UNION, LOCAL 721

22 |

23 | By_____
            JONATHAN COHEN
24 |        Attorneys for Plaintiff Richard Taylor

25 |

26 |

27 |

28 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana R. Pfaelzer and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV13- 737 MRP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✔] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

GLENN ROTHNER (CSB No. 67353)   JONATHAN COHEN (CSB NO. 237965)
ROTHNER, SEGALL & GREENSTONE
510 South Marengo Avenue, Pasadena, California 91101
Tel: (626) 796-7555  Fax:  (626) 577-0124  email: grothner@rsglabor.com

REBECCA YEE (CSB No. 217402)   NAJEEB KHOURY (CSB No. 224778)
SERVICE EMPLOYEES INT'L UNION, LOCAL 721
1545 Wilshire Boulevard, Los Angeles, CA 90017
Tel: (213) 368-8660  Fax: (213) 380-3996  email: Rebecca.Yee@SEIU721.org

# ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Richard Taylor,

PLAINTIFF(S)

v.

COUNTY OF LOS ANGELES, SEE ATTACHMENT

DEFENDANT(S).

| CASE NUMBER |
| --- |
| **CV13-00737-MRP(JPRx)** |
| **SUMMONS** |

TO:  DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jonathan Cohen</u>, whose address is <u>510 South Marengo Avenue, Pasadena, CA 91101-3115</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __FEB - 1 2013__

By: _____
    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                              SUMMONS

CCD-1A

# SUMMONS ATTACHMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TAYLOR<br><br>      Plaintiff,<br><br>   v.<br><br>COUNTY OF LOS ANGELES, a municipality;<br>GLORIA MOLINA, in her individual and<br>official capacity; MARK RIDLEY-THOMAS,<br>in his individual and official capacity; ZEV<br>YAROSLAVSKY, in his individual and official<br>capacity; DON KNABE, in his individual and<br>official capacity; MICHAEL ANTONOVICH,<br>in his individual and official capacity; LOS<br>ANGELES COUNTY CIVIL SERVICE<br>COMMISSION; LYNN ADKINS, in her<br>individual and official capacity; VANGE<br>FELTON, in her individual and official<br>capacity; CAROL FOX, in her individual and<br>official capacity; Z. GREG KAHWAJIAN, in<br>his individual and official capacity; EVELYN<br>MARTINEZ, in her individual and official<br>capacity; and DOES 1-10,<br><br>      Defendants. | CASE NO.<br><br>COMPLAINT (DEPRIVATION OF<br>RIGHTS UNDER COLOR OF STATE<br>LAW and WRIT OF MANDATE) |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )<br>Richard Taylor | **DEFENDANTS**<br>See attachment for complete caption |

**(b) Attorneys** (Firm Name, Address and Telephone Number, If you are representing yourself, provide same.)

GLENN ROTHNER (CSB No. 67353)    JONATHAN COHEN (CSB NO. 237965)
ROTHNER, SEGALL & GREENSTONE
510 South Marengo Avenue, Pasadena, California 91101
Tel.: (626) 796-7555  Fax:  (626) 577-0124  email: grothner@rsglabor.com

REBECCA YEE (CSB No. 217402)    NAJEEB KHOURY (CSB No. 224778)
SERVICE EMPLOYEES INT'L UNION, LOCAL 721
1545 Wilshire Boulevard, Los Angeles, CA 90017
Tel  (213) 368-8660  Fax  (213) 380-3996  email: Rebecca.Yee@SEIU721.org

**Attorneys** (If Known)

---

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:**  ☐ Yes   ☒ No         ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983, Cal. Code Civ. Proc. Section 1094.5

---

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV13-00737

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TAYLOR<br><br>       Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, a municipality;<br>GLORIA MOLINA, in her individual and<br>official capacity; MARK RIDLEY-THOMAS,<br>in his individual and official capacity; ZEV<br>YAROSLAVSKY, in his individual and official<br>capacity; DON KNABE, in his individual and<br>official capacity; MICHAEL ANTONOVICH,<br>in his individual and official capacity; LOS<br>ANGELES COUNTY CIVIL SERVICE<br>COMMISSION; LYNN ADKINS, in her<br>individual and official capacity; VANGE<br>FELTON, in her individual and official<br>capacity; CAROL FOX, in her individual and<br>official capacity; Z. GREG KAHWAJIAN, in<br>his individual and official capacity; EVELYN<br>MARTINEZ, in her individual and official<br>capacity; and DOES 1-10,<br><br>       Defendants. | CASE NO.<br><br>COMPLAINT (DEPRIVATION OF<br>RIGHTS UNDER COLOR OF STATE<br>LAW and WRIT OF MANDATE) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  **IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes
If yes, list case number(s): _____

VIII(b).  **RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  [ ] No   [X] Yes
If yes, list case number(s):  CV-08-00238-RGK (FFMx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   [ ]  A.  Arise from the same or closely related transactions, happenings, or events; or
[X]  B.  Call for determination of the same or substantially related or similar questions of law and fact; or
[ ]  C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ]  D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  **VENUE:**  (When completing the following information, use an additional sheet if necessary.)
(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ]  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ]  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   February 1, 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |